UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAMELA FOSTER,

                Plaintiff,

      v.

MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                Defendant,

SOCIAL SECURITY ADMINISTRATION,

                Interested Party.

No. 22-CV-10145 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, United States District Judge:

      Pamela Foster ("Plaintiff" or "Foster") brings this Action against the Commissioner of Social Security ("Defendant" or the "Commissioner"), seeking judicial review of the Commissioner's denial of Plaintiff's application for Supplemental Security Income Benefits and Disability Insurance Benefits under the Social Security Act. (*See* Compl. (Dkt. No. 1).) On June 6, 2023, the Court referred this case to Magistrate Judge Victoria Reznik ("Judge Reznik"). (*See* Dkt.) The Parties cross-moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (*See* Dkt Nos. 15, 18.) On July 31, 2024, Judge Reznik issued a Report and Recommendation ("R&R") recommending that Foster's Motion be denied, and that the Commissioner's Motion be granted. (*See* R&R (Dkt. No. 21).) Plaintiff filed Objections to the R&R on August 14, 2024. (*See* Plaintiff's Objections to R&R ("Obj.") (Dkt. No. 22).) Defendant submitted its Response on August 27, 2024. (*See* Defendant's Response to Obj. ("Resp.") (Dkt. No. 23).) After a review of the R&R, Plaintiff's Objections, and Defendant's

Response, the Court adopts the result recommended in the R&R and overrules Plaintiff's objections.

## I. Discussion

### A. Standard of Review

#### 1. Review of a Magistrate Judge's Report and Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin [fourteen] days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rules of Civil Procedure 5(b)(2)(C)–(D), (F), *see* Fed. R. Civ. P. 6(d), for a total of seventeen days, *see* Fed. R. Civ. P. 6(a)(1).

Where a party submits timely objections to a report and recommendation, as Plaintiff has done here, the Court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Mack v. Collado*, No. 21-CV-8541, 2023 WL 6200170, at *2 (S.D.N.Y. Sept. 22, 2023) (same).

  2. Review of a Social Security Claim

  In evaluating a social security claim, the reviewing court does not determine for itself whether the plaintiff was disabled and therefore entitled to social security benefits. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("[W]e do not substitute our judgment for the agency's, or determine de novo whether the claimant [was] disabled." (alteration adopted) (citations, quotation marks, and italics omitted)). Instead, the reviewing court considers "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). Accordingly, a court may overturn an administrative law judge's ("ALJ") determination only if it was "based upon legal error" or "not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)); *see also Cage*, 692 F.3d at 122 ("[W]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision[.]" (alteration in original) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009))). "Substantial evidence[] . . . is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rosa*, 168 F.3d at 77 (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (same). In considering whether substantial evidence supports the ALJ's decision, the reviewing court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation omitted). Nevertheless, "[t]he substantial evidence standard is a very deferential standard of review[.]" *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (quotation marks omitted). Indeed, even "[i]f [the] evidence is susceptible to more than one

rational interpretation, the Commissioner's conclusion must be upheld." *Id.* (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)); *see also Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (explaining that the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude otherwise*" (emphasis in original) (citation omitted)).

In determining whether a claimant is entitled to disability insurance benefits, the ALJ follows a five-step analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, [the] claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him [or her] disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity [("RFC")] to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1179–80 (2d Cir. 1998)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v). The claimant bears the burden of proof for the first four steps. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If, however, the claimant proves that her impairment prevents her from performing her past work, the burden shifts to the Commissioner at the fifth step. *See id.* There, the Commissioner must prove "that there is other gainful work in the national economy that [the claimant] could

perform." *Kamerling v. Massanari*, 295 F.3d 206, 210 (2d Cir. 2002). If the ALJ determines that a "significant numbers of jobs exist in the national economy that the claimant can perform," *McIntyre*, 758 F.3d at 151, the ALJ must deny disability insurance benefits to the claimant, *see* 20 C.F.R. § 404.1520(a)(4)(v); *see also* 42 U.S.C. § 423(d)(2)(A) (providing that an individual is disabled under the Social Security Act when he or she suffers from an impairment that is "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot[] . . . engage in any other kind of substantial gainful work which exists in the national economy[,]" that is, "work which exists in significant numbers either in the region where such individual lives or in several regions of the country").

B.  Analysis

The Court adopts the recitations of facts set forth by Judge Reznik in the R&R, which itself adopts the Parties' summaries of the evidence concerning Plaintiff's alleged disability, (*see* R&R 2–3), and assumes the Parties' familiarity with the underlying record. The Court will repeat only those facts relevant to its consideration of Plaintiff's objections. The facts are taken from the administrative record of the Social Security Administration, filed by the Commissioner on January 9, 2023. (*See generally* Dkt. No. 14.)

Overall, Plaintiff objects to two of Judge Reznik's recommended findings: (1) that the ALJ properly evaluated the opinion evidence in the record; and (2) that the ALJ's residual functional capacity ("RFC") determination with respect to Plaintiff was appropriate. (*See* Obj. 3–8.) The Court addresses these objections below.

### 1. Medical Opinion Evidence

With respect to her first objection, Plaintiff contends that the R&R erroneously finds that the ALJ properly concluded that Dr. Alison Murphy's opinion was unpersuasive. (*See* Obj. 3–6). The Court disagrees.

When evaluating the persuasiveness of medical opinions, pursuant to 20 C.F.R. § 404.1520c(c), the Commissioner will consider the following five factors:

> (1) supportability; (2) consistency; (3) relationship of the source with the claimant, including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and whether the relationship is an examining relationship; (4) the medical source's specialization; and (5) other factors, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements.

*Acheampong v. Comm'r of Soc. Sec.*, 564 F. Supp. 3d 261, 266 (E.D.N.Y. 2021) (internal quotation marks omitted). The ALJ must address the first two factors, supportability and consistency, but is not required to address the remaining factors. 20 C.F.R. § 404.1520c(b). For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c). For consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

Here, as Judge Reznik noted in the R&R, the ALJ found Dr. Murphy's opinion "not generally persuasive," explaining that (a) it was "not supported by her own objective findings, as she said that [Foster] was cooperative, with appropriate eye contact, normal speech, the ability to

perform serial 3 testing, and good insight," (b) it was "not consistent with a finding that [Foster] ha[d] more than mild mental limitations because [Foster's] treating providers generally noted that [Foster] had a normal mood and affect, fluent speech, cooperative behavior, and good insight," and (c) it was "inconsistent with the opinion rendered by [Dr. Momot-Baker], who reviewed it, as well as other evidence in the file, and opined that [Foster] had no more than mild psychiatric limitations." (R&R 29.) Because the ALJ addressed both supportability and consistency, the Court agrees with Judge Reznik that the ALJ provided sufficient reasoning to conclude that Dr. Murphy's opinion was not persuasive. *See Diaz v. Comm'r of Soc. Sec. Admin.*, No. 22-CV-2256, 2023 WL 6390172, at *4–5 (S.D.N.Y. Sept. 29, 2023) (adopting report and recommendation finding that ALJ properly found that medical opinion evidence was unpersuasive, where ALJ noted that opinion evidence was not supported and inconsistent); *Hall v. Kijakazi*, No. 20-CV-7320, 2022 WL 4592913, at *3 (S.D.N.Y. Sept. 30, 2022) (adopting report and recommendation concluding that the ALJ correctly decided to give medical opinion evidence little weight because opinions were, in some cases, self-contradictory and, in others, inconsistent with the opinions of several non-treating physicians). Thus, Plaintiff's objection is overruled.

   2. RFC Determination

As for her second objection, Plaintiff maintains that Judge Reznik incorrectly concluded that the ALJ made a proper RFC determination. (*See* Obj. 6–8.) Specifically, Plaintiff claims that the ALJ did not consider Plaintiff's non-severe mental impairments or her gastrointestinal issues in formulating the RFC. (*Id.* at 7.) The Court is unpersuaded.

Regarding Plaintiff's non-severe mental impairments, as Judge Reznik pointed out, the ALJ acknowledged such impairments, including depressive disorder, anxiety, and a specific

learning disorder, at step two, but only addressed some of them in his RFC determination. (R&R 19 (internal citations omitted).) Further, as Judge Reznik noted, although "[t]he ALJ's review of a claimant's non-severe impairments at step two does not obviate the need to review them later when determining the claimant's RFC, . . . where an ALJ fails to mention non-severe impairments in formulating the RFC, such an error may be considered harmless absent evidence that these impairments contributed to any functional limitations." (*Id.* (internal quotation marks and citations omitted).) *See Andino v. Saul*, No. 18-CV-379, 2019 WL 4621878, at *2 (W.D.N.Y. Sept. 24, 2019) ("[E]ven where an ALJ fails to mention non-severe impairments in formulating the RFC, such an error may be considered harmless 'absent evidence that these impairments contributed to any functional limitations.'" (quoting *Sherman v. Comm'r of Soc. Sec.*, No. 14-CV-154, 2015 WL 5838454, *5 (N.D.N.Y. 2015))). Here, any lack of mention of Plaintiff's non-severe mental impairments in connection with the RFC determination is harmless because the ALJ adequately explained that "these impairments did not cause more than mild limitations in Foster's ability to perform basic mental work activities, and thus, no psychiatric limitation was necessary." (R&R 19 (alteration adopted) (internal quotation marks and citation omitted).) *See Vasquez v. Berryhill*, 16-CV-6707, 2017 WL 1592761, at *19–22 (S.D.N.Y. May 1, 2017) (declining to remand where ALJ did not include limitations attributable to claimant's non-severe impairments in RFC when claimant failed to show any functional limitations stemming from those impairments); *Trombley v. Colvin*, No. 15-CV-567, 2016 WL 5394723, at *17 (N.D.N.Y. Sept. 27, 2016) ("While the ALJ may not have specifically mentioned non-severe impairments by name in his RFC analysis, the record as a whole shows that he did evaluate those impairments and their possible limiting effects and found those limitations to be non-existent or de minimis, thereby rendering any legal error on his part harmless." (italics omitted)).

Accordingly, the Court agrees with Judge Reznik that the ALJ properly considered Plaintiff's non-severe impairments.

Similarly, the Court finds that Judge Reznik correctly recommended that the ALJ carefully considered potential limitations related to Plaintiff's ulcerative colitis. (*See* R&R 21–25.) Specifically, as the R&R states, "the ALJ acknowledged that Foster had alleged gastrointestinal issues, including frequent bathroom visits, and found that her ulcerative colitis could reasonably be expected to cause her alleged symptoms." (*Id.* at 23.) Additionally, "the ALJ reviewed Foster's gastroenterology records and found that the intensity, persistence, and limiting effects of her ulcerative colitis was not of a disabling nature and that Foster's allegations about her symptoms were not consistent with the medical evidence and other evidence in the record." (*Id.*) Furthermore, to the extent that Plaintiff contends that the ALJ did not take into account that Plaintiff's gastrointestinal issues could grow worse again because the issue "waxes and wanes," (*see* Obj. 7), the Court disagrees. The ALJ reviewed medical evidence in the record that indicated, not just a short-term recovery, but that Plaintiff "reported significant improvement in her condition over time and that she was consistently doing relatively well." (R&R 23–24 ("Foster's ulcerative colitis records do not reveal that she was experiencing a temporary period of control of her condition. Rather, those records show that she was generally doing relatively well . . . .").)

Accordingly, the Court concludes that Judge Reznik's recommendation, namely, that the ALJ's RFC determination did not involve error with respect to consideration of Plaintiff's non-severe impairments or her ulcerative colitis, is supported by the record and rejects Plaintiff's objection to this aspect of the R&R.

## II.  Conclusion

For the reasons set forth above, it is hereby ORDERED that the Report and Recommendation, dated July 31, 2024, is ADOPTED in its entirety.  Foster's Motion is denied, and the Commissioner's Motion is granted.  The Clerk of Court is respectfully directed to terminate the pending Motions at Dkt. Nos. 15 and 18, enter judgment for Defendant, and close this case.

SO ORDERED.

Dated:   September 9, 2024
         White Plains, New York

                                        _____
                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE